REEVES, APPELLANT, *v.*
UNION TOWNSHIP BOARD OF
TRUSTEES ET AL., APPELLEES.

(No. CA88-10-078—Decided
July 24, 1989.)

*Andrew B. Dennison,* for appellant.

*Wood & Lamping, Thomas C. Korbee* and *Mark R. Fitch,* for appellees.

*Per Curiam.* This is an appeal by Raymond Reeves from a decision by the Clermont County Court of Common Pleas granting the Union Township Board of Trustees' motion to dismiss. Appellant asserts he was denied his due process rights under the Fourteenth Amendment to the United States Constitution through the failure of a collective bargaining agreement to explicitly provide for a postsuspension appeal from a disciplinary action. We disagree and affirm the judgment below.

Appellant is a police officer for the Union Township Police Department. He was charged with insubordination arising out of a confrontation with his police chief on May 15, 1987. After hearings before the police lieutenant, the township administrator, and the board of trustees, as provided by the collective bargaining agreement, appellant was suspended from duty for three days. Appellant then filed a complaint on August 13, 1987, claiming he was denied due process rights based upon the bargaining agreement's failure to provide for a postsuspension appeal. In opposition, the board of trustees argued that the agreement was meant to be supplemented by R.C. 505.49, which allows a suspended officer to appeal a board decision to the court of common pleas within ten days of suspension. Since appellant had not so appealed, the board argued, he could not maintain that his rights had been violated.

The trial court agreed, finding that because the procedures for presuspension appeal outlined in the bargaining agreement had been followed, there was no due process violation and thus no issue to be determined. In addition, since appellant had missed his statutory deadline for appealing the suspension under R.C. 505.49, he was left with no real claim. The trial judge then dismissed the case.

Appellant presents the following assignment of error:

"The trial court erred to the prejudice of the plaintiff-appellant by dismissing the complaint and civil actions where those actions set forth that the plaintiff was suspended from his employment as a township police officer without legal authority or jurisdiction to do so by the township trustees and without a post-suspension hearing, which was repugnant to the Fourteenth Amendment of the Constitution of the United States and for which appellant was entitled to a declaration of his rights."

The crux of appellant's argument is that where a collective bargaining agreement is silent as to a statutory right, the agreement fails. Appellant bases this conclusion on a tenet of contract law which limits contracting parties to the words expressed in the contract. In other words, the agreement could not be supplemented by relevant provisions of the Revised Code and

thus could not remedy its own shortcomings. We disagree.

R.C. Chapter 4117, known as the Collective Bargaining Act, allows public employers and their employees to negotiate the terms of employment. Under R.C. 4117.10(A), where the agreement provides for a grievance procedure, the procedure will be binding on the parties. Where, however, the agreement does not speak on a matter, "* * * the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." In essence, this provision permits the statutory law to supplement a collective bargaining agreement any time its terms do not address a matter. In this case, the relevant state law is R.C. 505.49(A), which provides, in part:

"A patrolman * * * may be removed or suspended only under the conditions and by the procedures in sections 505.491 to 505.495 of the Revised Code. * * * In case of removal or suspension of any appointee an appeal may be had from the decision of the board to the court of common pleas of the county in which the district is situated, to determine the sufficiency of the cause of removal or suspension. Such appeal shall be taken within ten days of written notice to the appointee of the decision of the board."

It is clear the parties to the bargain in the case at bar contemplated that statutory supplementation could be necessary. Section 12.1, Article 12 of the agreement provides:

"All topics covered in this Agreement will be governed solely by this Agreement. To the extent that Chapter 4117 of the Ohio Revised Code specifies Ohio statutes which prevail over terms of collective bargaining agreements, such statutes will govern. *For topics which are not covered under*

*this Agreement, applicable and binding State, Federal, and local laws, as such laws exist at the time of [sic] this contract is signed, shall control.*" (Emphasis added.)

Appellant argues that because presuspension appeal is a "topic" under the agreement, postsuspension appeal is also a topic — and because it is an invisible one, due process rights are violated. Based on the record, we cannot agree that the agreement was intended to so "occupy the field" of postsuspension appeal. It remained for the appellant to assert his right of appeal in a timely fashion as provided by R.C. 505.49. He did not do so and cannot now blame the collective bargaining agreement for his own failure.

Because we find the trial court did not err in dismissing the case, we hereby overrule appellant's assignment of error.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.